1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT
8            EASTERN DISTRICT OF CALIFORNIA
9
10
FERDINAND R. BALCAR,              ) 1:12-cv—00551-AWI-SKO-HC
11                                 )
              Petitioner,          ) FINDINGS AND RECOMMENDATIONS TO
12                                 ) DISMISS THE PETITION FOR WRIT OF
                                   ) HABEAS CORPUS BROUGHT PURSUANT TO
13     v.                          ) 28 U.S.C. § 2241  (Doc. 1), CLOSE
                                   ) THE ACTION, AND DECLINE TO ISSUE
14 FCI MENDOTA WARDEN, et al.,     ) A CERTIFICATE OF APPEALABILITY
                                   )
15            Respondents.         ) **OBJECTIONS DEADLINE:**
                                   ) **THIRTY (30) DAYS**
16 _____ )
17
18         Petitioner is a federal prisoner proceeding pro se and in
19 forma pauperis with a petition for writ of habeas corpus pursuant
20 to 28 U.S.C. § 2241.  The matter has been referred to the
21 Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local
22 Rules 302 and 304.  Pending before the Court is the petition,
23 which was filed on April 10, 2012.
24         I.   Screening the Petition
25         Because the petition was filed after April 24, 1996, the
26 effective date of the Antiterrorism and Effective Death Penalty
27 Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v.
28 Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d

                              1

1  1484, 1499 (9th Cir. 1997).

2       The Rules Governing Section 2254 Cases in the United States
3  District Courts (Habeas Rules) are appropriately applied to
4  proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule
5  1(b).  Habeas Rule 4 requires the Court to make a preliminary
6  review of each petition for writ of habeas corpus.  The Court
7  must summarily dismiss a petition "[i]f it plainly appears from
8  the petition and any attached exhibits that the petitioner is not
9  entitled to relief in the district court...."  Habeas Rule 4;
10 O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also
11 Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

12      Habeas Rule 2(c) requires that a petition 1) specify all
13 grounds of relief available to the Petitioner; 2) state the facts
14 supporting each ground; and 3) state the relief requested.
15 Notice pleading is not sufficient; rather, the petition must
16 state facts that point to a real possibility of constitutional
17 error.  Rule 4, Advisory Committee Notes, 1976 Adoption;
18 O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v.
19 Allison, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition
20 that are vague, conclusory, or palpably incredible are subject to
21 summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th
22 Cir. 1990).

23      The Court may dismiss a petition for writ of habeas corpus
24 either on its own motion under Habeas Rule 4, pursuant to the
25 respondent's motion to dismiss, or after an answer to the
26 petition has been filed.  Advisory Committee Notes to Habeas Rule
27 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
28 (9th Cir. 2001).

2

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

II.  <u>Background</u>

Petitioner is serving a life sentence imposed by the United States District Court of Nevada and is incarcerated at the Federal Correctional Institution at Mendota (FCIM).  In the district court, Petitioner was convicted of violating 18 U.S.C. § 2113(a) and (d), bank robbery with a weapon.  (<u>United States v. Ferdinand Richard Balcar, Jr.,</u> 2:96-CR-00046-PMP-LRL.)  In his petition, Petitioner argues that the Tenth Amendment is violated by § 2113(a) and (d), which are an impermissible interference with the sovereignty of the state of Nevada because Nevada has also outlawed bank robbery by legislation.  He further alleges that the government failed to present any evidence that the bank was federally insured, and thus the trial court lacked jurisdiction.  Petitioner brings his petition pursuant to 28 U.S.C. § 2241, and he alleges, or submits documents reflecting, that the Ninth Circuit Court of Appeals has refused to grant him permission to file a successive petition pursuant to 28 U.S.C. § 2255.  However, he alleges that he comes within the "savings clause" of 28 U.S.C. §§ 2255(h) and 2241 because he is actually innocent and has been procedurally obstructed in his efforts to make his claim.  (Pet. 6.)

III.  <u>Legal Standards</u>

A federal prisoner who wishes to challenge his conviction or sentence on the grounds it was imposed in violation of the

Constitution or laws of the United States or was otherwise
subject to collateral attack must do so by way of a motion to
vacate, set aside, or correct the sentence under 28 U.S.C.
§ 2255.  28 U.S.C. § 2255; <u>Stephens v. Herrera</u>, 464 F.3d 895, 897
(9th Cir. 2006); <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.
1988).  In such cases, the motion must be filed in the district
where the defendant was sentenced because only the sentencing
court has jurisdiction.  <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864
(9th Cir. 2000); <u>Tripati</u>, 843 F.2d at 1163.  Generally, a
prisoner may not collaterally attack a federal conviction or
sentence by way of a petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2241.  <u>Stephens v. Herrera</u>, 464 F.3d at
897;  <u>Tripati</u>, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner,
location, or conditions of that sentence's execution must bring a
petition for writ of habeas corpus under 28 U.S.C. § 2241.  <u>Brown
v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990).

A federal prisoner authorized to seek relief under § 2255
may seek relief under § 2241 only if he can show that the remedy
available under § 2255 is "inadequate or ineffective to test the
legality of his detention." <u>United States v. Pirro</u>, 104 F.3d
297, 299 (9th Cir. 1997) (quoting § 2255).  Although there is
little guidance on when § 2255 is an inadequate or ineffective
remedy, in the Ninth Circuit it is recognized that the exception
is narrow.  <u>Id.</u>; <u>Moore v. Reno</u>, 185 F.3d 1054, 1055 (9th Cir.
1999) (dismissal of a successive motion pursuant to
§ 2255 did not render such motion procedure an ineffective or
inadequate remedy so as to authorize a federal prisoner to seek

4

1   habeas relief); <u>Aronson v. May</u>, 85 S.Ct. 3, 5 (1964) (denial of a

2   prior § 2255 motion is insufficient to render § 2255 inadequate);

3   <u>Tripati</u>, 843 F.2d at 1162-63 (noting that a petitioner's fears of

4   bias or unequal treatment do not render a § 2255 petition

5   inadequate); <u>see</u>, <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077

6   (9th Cir. 2001) (procedural requirements of § 2255 may not be

7   circumvented by filing a petition for writ of audita querela

8   pursuant to the All Writs Act, 28 U.S.C. § 1651).  The burden is

9   on the petitioner to show that the remedy is inadequate or

10  ineffective.  <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th

11  Cir. 1963).  If a petitioner proceeding pursuant to § 2241 fails

12  to meet his burden to demonstrate that the § 2255 remedy is

13  inadequate or ineffective, then the § 2241 petition will be

14  dismissed for lack of jurisdiction.  <u>Ivy v. Pontesso</u>, 328 F.3d

15  1057, 1061 (9th Cir. 2003).

16      IV.  <u>Analysis</u>

17      In this case, Petitioner challenges his underlying

18  conviction.  Because Petitioner is alleging errors relating to

19  his conviction, and not errors in the administration of his

20  sentence, the Court concludes that Petitioner is not entitled to

21  relief under § 2241.

22      Petitioner argues that § 2255 is inadequate and ineffective.

23  Petitioner appears to argue in part that § 2255 is inadequate and

24  ineffective because Petitioner has already filed a previous

25  motion pursuant to § 2255 and has suffered a denial of his

26  motion.  Petitioner submits with his petition a copy of an order

27  of the United States District Court of Nevada, filed on December

28  12, 2011, in which the court concluded it lacked jurisdiction

over Petitioner's Tenth Amendment challenge to § 2113 because the court was required to construe Petitioner's challenge to his conviction as a successive § 2255 motion, and Petitioner had not received certification from the Court of Appeals to proceed with a successive motion.  (Pet. 1-2.)  The court determined that if it lacked jurisdiction to consider Petitioner's claim, the claim was without merit because it has been determined that Congress has the power to punish offenses injurious to institutions which are members of the federal system or are federally insured, Westfall v. United States, 274 U.S. 256, 258 (1927), and specifically that Congress's enactment of 18 U.S.C. § 2113 did not invade powers reserved to the states, Toles v. United States, 308 F.2d 590, 594 (9th Cir. 1962), cert. den, 375 U.S. 836 (1963).  The Nevada court also noted United States v. Harris, 108 F.3d 1107, 1108-09 (9th Cir. 1997), which held that federally insured banking institutions are instrumentalities of commerce subject to regulation under the Commerce Clause.  (Id.)

    The AEDPA limits the circumstances under which a petitioner may file a second or successive motion pursuant to § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>     1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>     2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  Petitioner has not shown that any newly discovered evidence is in issue or is otherwise material in this proceeding.

1    Petitioner cites Bond v. United States, 131 S.Ct. 2355,

2   2366-67 (2011), which determined that one who was being

3   prosecuted under a federal statute had standing to seek dismissal

4   on the ground that Congress had exceeded its powers and had

5   invaded the reserved power of the states in enacting the statute.

6   Bond concerned general standing requirements and does not appear

7   to have any application to a successive application pursuant to

8   § 2255.

9    Petitioner does not cite any authority, and the Court is

10   aware of none, which determined that the cases from the United

11   States Supreme Court upon which Petitioner relies are new rules

12   of constitutional law that are retroactively applicable.  It,

13   therefore, appears that Petitioner would not meet the

14   requirements for filing a successive motion pursuant to § 2255.

15   However, the mere failure to meet the statutory bar for

16   successive motions does not render the remedy under § 2255

17   inadequate or ineffective pursuant to 28 U.S.C. § 2255(e) and

18   (h).  See, Moore v. Reno, 185 F.3d at 1055.

19    Petitioner appears to contend that the remedy is inadequate

20   or ineffective because on February 16, 2012, the Ninth Circuit

21   Court of Appeals declined to certify a successive motion pursuant

22   to § 2255 in Balcar v. United States, case no. 12-70148.  (Pet.

23   4.)  However, the mere refusal of the Court of Appeals to certify

24   a second or successive § 2255 motion does not render the remedy

25   inadequate or ineffective.  Lorentsen v. Hood, 223 F.3d 950, 953

26   (9th Cir. 2000).

27    Petitioner argues that he is actually innocent of the

28   offense because there was no proof of jurisdiction during the

trial or in the indictment.  Although authority in this circuit is limited, it is recognized that the § 2255 remedy is inadequate and ineffective, and thus a petition pursuant to § 2241 is available, when the petitioner 1) claims to be factually innocent of the crime for which he has been convicted, and 2) has never an "unobstructed procedural shot" at presenting the claim.  Stephens v. Herrera, 464 F.3d at 898.

A claim of actual innocence for purposes of the "escape hatch" of § 2255 is assessed by the test stated in Bousley v. United States, 523 U.S. 614, 623 (1998), which in turn requires that the petitioner demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.  Stephens, 464 F.3d at 898.

The Court takes judicial notice of the docket, and of Respondent's motion to dismiss filed on October 27, 2011, in Ferdinand Richard Balcar v. Richard B. Ives, 2:11-00669-KM-DAD. (Doc. 17, 6-9.)[1]  In that action, the Respondent summarized the record facts of the four bank robberies of which Petitioner was convicted, including but not limited to two robberies of the United States Bank and one of a Bank of America, institutions which have not been shown not to have been federally insured. Petitioner's assertion that no evidence of jurisdiction was set forth is conclusional and does not foreclose an inference in favor of the judgment.  In any event, it does not amount to a

---

[1]The Court may take judicial notice of court records.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

demonstration that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.  Further, Petitioner does not claim or demonstrate that he was factually innocent of the robberies for which the sentence he challenges was imposed.  Accordingly, the Court concludes that Petitioner has not met his burden of establishing actual innocence.

Likewise, Petitioner has not demonstrated that he was obstructed in his effort to set forth his claim.  In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, it must be determined whether the petitioner's claim did not become available until after a federal court decision.  Stephens, 464 F.3d at 898.  A court will determine 1) whether the legal basis for petitioner's claim "did not arise until after he had exhausted his direct appeal and first § 2255 motion," and 2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion.  Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008); Ivy v. Pontesso, 328 F.3d at 1060-61.

Here, the decisions of the United States Supreme Court and the Ninth Circuit Court of Appeals that acknowledge the government's power to enact the pertinent statute, and thus support the government's prosecution of bank robbery, predated Petitioner's conviction.  Further, Petitioner has not demonstrated that the law has changed in any way relevant to Petitioner's claim at any time after Petitioner's conviction.

In sum, the Court concludes that Petitioner has not shown that he is actually innocent of the offense.  The Court further

1  concludes that Petitioner has not demonstrated that § 2255
2  constitutes an inadequate or ineffective remedy for raising his
3  claims.  Thus, Petitioner may not raise his claims in a
4  proceeding pursuant to § 2241.

5      According, the petition should be dismissed for lack of
6  jurisdiction.  Ivy v. Pontesso, 328 F.3d at 1061.

7      V.   Certificate of Appealability

8      Unless a circuit justice or judge issues a certificate of
9  appealability, an appeal may not be taken to a court of appeals
10 from the final order in a proceeding under section 2255.  28
11 U.S.C. § 2253(c)(1)(B); Hohn v. United States, 524 U.S. 236, 239-
12 40 (1998).  An appeal from a proceeding that is nominally
13 undertaken pursuant to 28 U.S.C. § 2241, but which is really a
14 successive application under § 2255, requires a certificate of
15 appealability.  Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir.
16 2001).

17     It appears from the face of Petitioner's § 2241 petition
18 that Petitioner is raising previously unsuccessful claims
19 attacking only the legality of his conviction and sentence, and
20 not the execution of his sentence.

21     Unless a circuit justice or judge issues a certificate of
22 appealability, an appeal may not be taken to the Court of Appeals
23 from the final order in a habeas proceeding in which the
24 detention complained of arises out of process issued by a state
25 court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537
26 U.S. 322, 336 (2003).  A certificate of appealability may issue
27 only if the applicant makes a substantial showing of the denial
28 of a constitutional right.  § 2253(c)(2).  Under this standard, a

petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

1    VI.   Recommendation

2         Accordingly, it is RECOMMENDED that:

3         1)   The petition for writ of habeas corpus be DISMISSED for
4    lack of subject matter jurisdiction; and

5         2)   The Court DECLINE to issue a certificate of
6    appealability; and

7         3)   The Clerk be DIRECTED to close the action.

8         These findings and recommendations are submitted to the
9    United States District Court Judge assigned to the case, pursuant
10   to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of
11   the Local Rules of Practice for the United States District Court,
12   Eastern District of California.  Within thirty (30) days after
13   being served with a copy, any party may file written objections
14   with the Court and serve a copy on all parties.  Such a document
15   should be captioned "Objections to Magistrate Judge's Findings
16   and Recommendations."  Replies to the objections shall be served
17   and filed within fourteen (14) days (plus three (3) days if
18   served by mail) after service of the objections.  The Court will
19   then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
20   636 (b)(1)(C).  The parties are advised that failure to file
21   objections within the specified time may waive the right to
22   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
23   1153 (9th Cir. 1991).

24

25   IT IS SO ORDERED.

26   **Dated:   April 30, 2012**                    **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE

27

28

                                12